# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DUANE EARL FANNNG, III, #263799,    :

    Plaintiff,    :

vs.    :    CIVIL ACTION 13-0537-CG-N

CAPTAIN HOWARD,    :

    Defendant.    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

Plaintiff's action comes before the Court on plaintiff's motion to proceed without prepayment of fees. Attendant to the Court's consideration of this motion is 28 U.S.C. § 1915(e)(2)(B)'s requirement that Plaintiff's action be screened. This section provides for an action's dismissal if the action is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." Thompson v. Quinn, No.

3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); see Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (upholding the counting as a strike an action that had been dismissed for abusing the legal process where the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose);[1] Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

2

an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); Young v. Secretary Fla. Dep't of Corrs., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer had access to the documents so he could answer fully due to the rule regarding "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"). Furthermore, when a court dismisses without prejudice an action that it finds malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. Stephenson v. Warden, Doe, 2014 WL 463631, at *2 (11th Cir. Feb. 6, 2014) (unpublished).

In the present action, plaintiff sued Captain Howard for his placement from August 14, 2013 to August 21, 2014 in a segregation cell that had the water turned off and no mattress, and for keeping him there three days, with a broken rib. (Doc. 4 at 4). Despite plaintiff's requests for medical attention, he did not receive any until he was transferred to Donaldson on August 21,

2013. (Id. at 3).

In the original complaint (Doc. 1 at 2) and in the superseding amended complaint (Doc. 4 at 2), plaintiff did not disclose any prior litigation history even though the complaint forms requested this information. In fact, he affirmatively denied having filed a lawsuit dealing with the same or similar facts, or a lawsuit that was related to his imprisonment. (Docs. 1 at 2, 4 at 2). However, PACER ("Public Access to the Court Electronic Record") reflects that when plaintiff filed the present action on October 31, 2013, he previously had filed Fanning v. Voyles, CA No. 12-3684-CLS-JEO (N.D. Ala. Jan 7, 2013) (filed on October 23, 2012); Fanning v. Johnson, CA No. 13-1957-VEH-HGD (N.D. Ala. pending) (filed on October 23, 2013); and Fanning v. Cunningham, CA No. 13-1988-SLB-HGD (N.D. Ala. pending) (filed on October 29, 2013).[2][3]

In Rivera, supra, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In its affirmance, the Eleventh Circuit reasoned

---

[2] The Court takes judicial notice of its records. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[3] Additionally, plaintiff filed other actions nearly contemporaneously with the present action, some of which were based on the same stay in segregation, which is complained about in the present action. See Fanning v. Graham, CA No. 13-538-WS-B (S.D. Ala. Jan 6, 2014) (claim based on August 14, 2013 incident filed on November 1, 2014 and dismissed as malicious); Fanning v. Bullard, CA No. 13-539-CG-C (S.D. Ala. Mar. 10, 2014) (claim based on May 20, 2013 incident filed on November 1, 2013 and dismissed as malicious); Fanning v. Jones, CA No. 13-541-KD-B (S.D. Ala. Jan. 6, 2014) (claim based on August 14, 2013 incident filed on November 1, 2013 and dismissed as malicious); and Fanning v. McCaskil, CA No. 13-540-CG-C (S.D. Ala. Mar. 10, 2014) (claim based on his stay in segregation filed on November 1, 2013 and dismissed as malicious). In particular, he filed another action based on the same facts as the present action, Fanning v. Miles, 13-568-CG-N (S.D. Ala.) (filed on November 18, 2013).

that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id. In the subsequent case of Pinson v. Grimes, 391 F. App'x 797 (11th Cir. 2010) (unpublished), cert. denied, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the prior month. Id. at 799.

When plaintiff filed the present action, he knowingly chose not to disclose his prior litigation history, even though the complaint form required this information, and then he proceeded to sign his complaint under penalty of perjury. (Docs. 1 at 5, 4 at 6). This type of behavior by a prisoner plaintiff has been held by courts to constitute an abuse of the judicial process and therefore warrants the dismissal of the action as malicious pursuant to § 1915(e)(2)(B)(i). Rivera, supra; Pinson, supra. Inasmuch as the events complained about occurred in August, 2013, thereby leaving sufficient time to re-file the complaint if plaintiff so elects,[4] it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. It is further recommended that plaintiff's motion to proceed without prepayment of fees be denied and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner

---

[4] The statute of limitations for a § 1983 action filed in Alabama is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

5

provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 5th day of June, 2014.

                                  /s/ Katherine P. Nelson
                                  **UNITED STATES MAGISTRATE JUDGE**